UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE COOPER,

                          Plaintiff,

              v.

GREENE HAVEN CORRECTIONAL
FACILITY; JHON DOE CORRECTION
OFFICERS,

                          Defendants.

24-CV-1128 (KMK)

VALENTIN ORDER

KENNETH M. KARAS, United States District Judge:

       Plaintiff, who currently is incarcerated at Elmira Correctional Facility, brings this Action,

pro se, under 42 U.S.C. § 1983, alleging that, while he was confined at Green Haven

Correctional Facility ("Green Haven"), correction officers ignored a court order and forced him

to have a haircut, in violation of the tenets of his Rastafarian religious beliefs and his right to the

free exercise of his religion under the First Amendment.  By Order dated May 15, 2024, Chief

Judge Laura Taylor Swain granted Plaintiff's request to proceed without prepayment of fees, that

is, in forma pauperis ("IFP").[1]  As set forth in this Order, the Court (1) dismisses the claims

against Green Haven under the Eleventh Amendment; and (2) directs the New York State

Department of Corrections and Community Supervision ("DOCCS") to identify the John Doe

correction officers.

## STANDARD OF REVIEW

       The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.  *See*

Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is

obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Federal Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted)

(emphasis in original).  But the "special solicitude" in pro se cases, *id*. at 475 (citation omitted),

has its limits—to state a claim, pro se pleadings still must comply with Rule 8 of the Federal

Rules of Civil Procedure, which requires a complaint to make a short and plain statement

showing that the pleader is entitled to relief.

## DISCUSSION

### A.      Claims against Green Haven Correctional Facility

"[A]s a general rule, state governments may not be sued in federal court unless they have

waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state." *Id*.  New York has

not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not

abrogate the states' immunity in enacting § 1983.  *See Trotman v. Palisades Interstate Park*

*Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff names Green Haven, a facility operated by DOCCS, as a Defendant.  Because

DOCCS is an arm of the State of New York, it is protected by Eleventh Amendment immunity

that extends to its facilities such as Green Haven.  *See Gardner v. Koeningsman*, No. 21-CV-

10185, 2022 WL 1058498, at *2 (S.D.N.Y. Mar. 30, 2022); *White v. New York*, No. 19-CV-0543, 2019 WL 2578270, at *1 (S.D.N.Y. June 24, 2019).  The Court therefore dismisses Plaintiff's claims against Green Haven because Plaintiff seeks monetary relief from a Defendant that is immune from such relief and, therefore, the Court lacks subject matter jurisdiction.[2]  *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction.").

**B.    John Doe Correction Officers**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the Court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).  In the Complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the John Doe correction officers whom Plaintiff alleges ignored his no haircut voucher and directed an inmate to cut his hair at Green Haven on November 28, 2023.  It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of DOCCS, must ascertain the identity and badge number of each John Doe Defendant whom Plaintiff seeks to sue here and the address where each of those Defendants may be served.  The Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants.  The amended complaint will replace, not supplement, the original Complaint.  An amended complaint form that Plaintiff should complete is attached to

---

[2] Green Haven is also not a "person" for the purposes of Section 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. App. Div., Second Dep't S. Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of Section 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983).

this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete a USM-285 form with the address for each named newly identified defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Court dismisses Plaintiff's claims against Green Haven Correctional Facility as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is directed to mail a copy of this Order and the Complaint to the New York State Attorney General at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

An amended complaint form is attached to this order.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   June 10, 2024
         White Plains, New York

_____
        KENNETH M. KARAS
        United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

### AMENDED
## COMPLAINT

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                State                         Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____                    _____
Dated                                                               Plaintiff's Signature

_____
First Name                          Middle Initial            Last Name

_____
Prison Address

_____
County, City                                    State                    Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____