UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

TYRONE COOPER,

                             Plaintiff,                    **DECISION AND ORDER**

             -against-                                     24 Civ. 1128 (KMK) (AEK)

C.O. KIRBY FRANCOIS and
C.O. KEITH SPOSATO,

                             Defendants.
----------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

The parties have requested that the Court enter a confidentiality stipulation and protective order to facilitate the production of documents. *See* ECF No. 57. While the parties have reached agreement on nearly all of the language in the proposed order, they are at an impasse as to portions of Paragraph 6(a), Paragraph 8, and Paragraph 14.

As to the undisputed and jointly proposed portions of the confidentiality stipulation and protective order, the Court has reviewed those sections, and the parties' jointly proposed language is hereby approved.

Turning to the disputed sections:

(1)     **Paragraph 6(a)**: The Court hereby approves Defendants' proposed language for Paragraph 6(a). The first problem with Plaintiff's proposed language—the inclusion of the phrase "fully unredacted" (except for PII redactions)—is made plain by Plaintiff's own argument in ECF No. 57, where Plaintiff acknowledges that additional redactions (for privilege, at least) would be permissible. This alone creates a tension between an order requiring the production of "fully unredacted" records and Defendants' admittedly lawful ability to redact other information from such records. Defendants note that there may be other valid bases for redacting certain

information from the OSI files, which Defendants' counsel has not yet reviewed.  Defendants' proposed language will still ensure that Plaintiff's counsel receives the records—it just preserves Defendants' ability to redact information that they believe merits redaction.  From this dispute, Defendants are on notice that Plaintiff intends to scrutinize any non-PII redactions carefully, and nothing in this Decision and Order precludes Plaintiff from asserting challenges to redactions that he believes are improper.  If necessary, the Court can conduct an *in camera* review to resolve such disputes, as the Court did relatively recently in another matter involving the production of OSI files (in that case, to a *pro se* incarcerated individual).  *See McPhee v. Laino*, No. 22-cv-10095 (VB) (AEK), 2025 WL 2307665 (S.D.N.Y. Aug. 11, 2025).

As for the second part of Plaintiff's proposed language—*i.e.*, the last two sentences in Plaintiff's proposed Paragraph 6(a)—this reads more like a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure than a provision that belongs in a confidentiality stipulation and protective order.  The Court will not require this language to be included in the protective order.  The import of Plaintiff's request, however, should be clear to Defendants' counsel: Plaintiff is requesting that he be able to receive and review the materials from the OSI files, subject to the terms of the protective order governing the production of Confidential Material.  There is no ripe dispute as to that request before the Court at present, and the Court is not ruling on that issue at this time.  That said, there is certainly no categorial prohibition on a plaintiff's receipt of OSI materials, and absent a showing that the files are extraordinarily voluminous or complicated such that preparation of a set of materials that can be released under a "Confidential Material" designation rather than an "Attorney's Eyes Only" designation would be unduly burdensome, it would seem that Defendants should be able to

provide a separate set of properly redacted materials for Plaintiff's review as Confidential Material.

(2)    **Paragraph 8**:  The Court hereby approves Plaintiff's proposed language for Paragraph 8.  Just as it would have been problematic for Paragraph 6(a) to include Plaintiff's proposed default language about non-redaction, it is problematic here to include Defendants' proposed default language about redaction of all names and DIN numbers.  Indeed, Defendants concede that certain names and DIN numbers will have to be produced, which makes their proposal—which would seem to authorize redaction of such information in the absence of specific authorizations from various individuals—improper here.  Moreover, Plaintiff already recognizes that there will be a proper basis for withholding names in some cases, so it should come as no surprise when certain names in these documents are redacted by Defendants.  But the protective order will not include language that makes the redaction of names and DIN numbers the automatic approach.  Again, to the extent the parties have disputes as to the information that Defendants redact from these documents, the Court will be prepared to review the proposed redactions and rule on them as promptly as possible.

(3)    **Paragraph 14**:  The Court hereby approves Plaintiff's proposed language for Paragraph 14.  It is reasonable—as Plaintiff effectively acknowledges—for Plaintiff not to be permitted to retain Confidential Material while he is in the custody of DOCCS or any other jail or prison, and Plaintiff's proposed language accounts for this.  And while it is true that Plaintiff potentially could correspond with individuals who remain in DOCCS custody even when he himself is not in DOCCS custody, that possibility is entirely speculative, and could apply to anyone, whether previously incarcerated or not.  Plaintiff will, of course, still be bound by the terms of the protective order, and Plaintiff's counsel will no doubt make clear to their client that

any violation of this or any other order of the Court could have significant negative consequences.  The speculative possibility that Plaintiff might violate the Court's order by impermissibly sharing Confidential Material with non-parties when he is not in the custody of DOCCS or any other correctional facility is not a sufficient basis to impose the restriction sought by Defendants.

\* \* \* \* \* \* \* \* \* \*

To the extent either party wishes to file objections to any portion of this Decision and Order, they may do so in accordance with Rule 72(a) of the Federal Rules of Civil Procedure.  If counsel for both parties confirm with each other, prior to the deadline for filing objections under Rule 72(a), that they will not be filing objections, then counsel for Plaintiff must submit a revised proposed confidentiality stipulation and protective order, which incorporates and reflects the rulings set forth in this Decision and Order, as promptly as possible for signature by the Court.

Dated:  March 26, 2026
        White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge

4