**Rickner | Moskovitz**

Stephanie Panousieris, Associate  |  (212) 300-6506  |  stephanie@rmcivilri



The extension is granted.
SO ORDERED.

4/15/26

April 15, 2026

Hon. Kenneth M. Karas
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, Ny 10601-4150

   *Re: Cooper v. Francois et al.*, 7:24-cv-01128-KMK-AEK

Your Honor:

This office represents Plaintiff Tyrone Cooper ("Plaintiff") and writes, with Defendants' consent, to respectfully request an extension of the scheduling order deadlines, as discovery has revealed that the currently named corrections officers, identified in response to the Court's *Valentin* order, are unlikely to be the individuals who Plaintiff alleges violated his rights.

## PROCEDURAL HISTORY

Plaintiff filed this lawsuit *pro se* in February 2024 alleging violations of his constitutional and statutory rights when his hair was cut upon entry to DOCCS at Green Haven Correctional Facility in November 2023. Plaintiff, who is Rastafarian, had a judicial order prohibiting DOCCS from cutting his hair, which was ignored. On June 10, 2024, this Court entered a *Valentin* order directing the Office of the Attorney General ("OAG") to "ascertain the identity and badge number of each John Doe Defendant whom Plaintiff seeks to sue here and the address where each of those Defendants may be served." (Doc. 7 at 3). After undersigned counsel appeared in this action and the current Defendants, Francois and Sposato, were identified by OAG based on the physical descriptions provided by Plaintiff (Doc. 14), Plaintiff filed a second amended complaint on February 20, 2025, naming these two officers (Doc. 24). OAG's representational analysis for Defendants took longer than usual in light of an open OSI investigation into the incident (Docs. 37, 39, 42). After the investigation was closed, the currently named Defendants, Francois and Sposato, answered on October 24, 2025 (Doc. 44), and a scheduling order was entered on December 18, 2025 (Doc. 47).

Since the scheduling order was entered, the parties have exchanged paper discovery and held all party depositions. However, discovery has ultimately revealed that, while the two officers identified by the OAG in response to the *Valentin* order were stationed in the intake/draft area where Plaintiff's hair was cut, they do not fit the detailed descriptions provided by the Plaintiff in his deposition testimony, and do not appear to be the officers who directed the cutting of Plaintiff's hair upon his entry into Green Haven.

## EFFORTS TO IDENTIFY THE PROPER DEFENDANTS

The parties have been working cooperatively to identify the proper defendants through staff photographs and party depositions. However, the photographs provided by DOCCS are outdated and were produced as black and white photocopies, complicating Plaintiff's ability to identify who he interacted with on the incident date. The parties have discussed ways to obtain color photographs that were taken closer to the time of incident, and are seeking the assistance of the OAG assigned to



Plaintiff's companion Court of Claims action to obtain this discovery. AAG Cahn, counsel for Defendants, is currently attempting to collect additional photographs for Plaintiff to review to assist with these identifications.

Given that the officers initially identified by OAG in response to the Court's *Valentin* order appear not to be the proper parties, and because Plaintiff's statute of limitations does not run until November 2026, Plaintiff submits that there is good cause to extend discovery in this case to allow Plaintiff to identify and join the proper parties to this suit. Paper discovery is essentially complete, other than the OSI report, which is currently under review by Defendants and will be produced in the next two weeks, as well as Plaintiff's medical records, which have not yet been received from Plaintiff's providers. Plaintiff is therefore confident that any discovery necessitated by the joinder of new defendants will be relatively minimal, including officer depositions and disciplinary records, if any.

### REQUEST FOR EXTENTION OF THE SCHEDULING ORDER

Plaintiff respectfully requests that the Court allow an additional 60 days to continue his efforts to identify the proper defendants and allow Plaintiff to amend his complaint accordingly. Thereafter, OAG will need to conduct representation interviews before answering any amendment, and Plaintiff will require at least a brief period of time to take the new defendants' depositions and, if necessary, collect documents specific to those officers.

The parties are cognizant that this case was previously delayed because of Plaintiff's former *pro se* status and OAG's inability to finalize its representational analysis with the current Defendants until the outcome of the OSI investigation was made clear in the fall of 2025. Both parties are making every effort to move the case forward as quickly as possible, and are happy to provide periodic status updates to the Court as directed.

For these reasons, Plaintiff respectfully requests, with the consent of Defendants, that the Court extend discovery for approximately 60 days, from <u>April 17, 2026 to June 17, 2026</u>, to identify the correct correction officer defendants and amend the complaint accordingly. If these identifications are complete sooner than June 17, Plaintiff will promptly seek leave to file his amendment. Given this atypical procedural posture, Plaintiff also respectfully requests that this extension be granted without prejudice to seek additional time to complete discovery after the proper parties are joined to suit.

I thank the Court for its time and consideration of this request.

Sincerely yours,

Stephanie Panousieris
*Associate*